COX v. ROBINSON.

(Circuit Court, D. Washington, S. D. November 15, 1895.)

1. CONTRACTS—CONSIDERATION.
    Where an assignment of a judgment belonging to a bank is made by one of its officers, in its name, to an individual, who, in consideration thereof, transfers property to the bank officer, such transfer constitutes a valid consideration moving to the bank, since a trust results in its favor as to the property transferred to its officer.

2. NATIONAL BANKS—POWERS OF OFFICERS—PRESUMPTIONS.

The officers of a national bank, acting for it, are presumed to have the powers which they assume publicly, with the knowledge and acquiescence of the board of trustees, who are presumed to see what is made apparent before the eyes of the public in the actions of their agents.

3. SAME—TRANSFER OF JUDGMENT—AUTHORITY.

When a judgment belonging to a national bank is transferred without collecting it, the presumption is that the transfer is unauthorized.

This was an action by Richard T. Cox, as receiver of the First National Bank of Arlington, Or., against J. L. Robinson, upon a guaranty.

Cotton, Teal & Minor, for plaintiff.

Wellington Clark and Thos. H. Brents, for defendant.

HANFORD, District Judge (charging jury). The plaintiff in this case, Mr. Richard T. Cox, sues as receiver of the First National Bank of Arlington, Or., to recover from the defendant, Mr. J. L. Robinson, the amount of a judgment which the bank obtained against a man named N. Cecil. The action is brought against Robinson for the reason that Mr. Robinson became surety for any amount that the bank should recover in the action against Cecil in consideration of discharging a writ of attachment which had been levied on the property of Cecil. The fact that the judgment was recovered by the bank against Cecil is not denied. The fact that Robinson entered into an obligation to pay whatever amount should be recovered in the action is not denied. The suit is resisted on the ground that the bank, which Cox represents as receiver, is not the owner of the judgment, that judgment having been transferred by an assignment from the bank to the defendant, Mr. Robinson, for good consideration. There has been introduced in evidence a paper which is a certified copy of a purported assignment and transfer of this judgment on the record of the court in which the judgment was entered. This assignment and transfer purports to have been made by the First National Bank of Arlington, Or., by J. E. Frick, vice president. The whole case turns upon the question whether or not Mr. Frick had authority to transfer this judgment to Mr. Robinson. That he was vice president of the bank is not disputed, but it is disputed that he had any authority to transfer this judgment. And it is also disputed that the bank received any consideration for the transfer of the judgment; that it was illegal on these two grounds,—that Frick was not authorized to do that kind of business, and that the bank received no consideration for the transfer of the judgment. On the question as to the consideration for the transfer, I instruct you: First, to constitute a sufficient consideration to give validity to a contract, it is necessary that the bank should have received a consideration, or that Robinson should have parted with something that would constitute a consideration. There must have been either something moving to the bank, or something moving from Robinson, to constitute a good consideration,—to make the transfer legal. And it is immaterial whether it was the one or the other. It must be one. But, if Rob-

inson parted with something of value in consideration of this transfer, it has the same effect, in law, whether the bank received it or not, that it would if the bank received something. But, further, on that point the evidence shows, that, that which Robinson gave as consideration was the assignment of a judgment in his favor against Hoy and Butler. That transfer was made to Frick. Now, if Frick received a valid assignment of a judgment in favor of Robinson, and a consideration for that moved from the First National Bank of Arlington to Mr. Robinson, so that the value which Robinson received came from the bank, and not from Mr. Frick, it would still be a valid consideration moving from Robinson to the bank, because there would be a resulting trust in favor of the bank. And whatever Frick received, when acting for the bank, in consideration of assets or property of the bank that he transferred, would not be his, although it appeared on record to be in his name. He would take in trust for the bank, and it would be the property of the bank, in fact and in law.

Now, as to the authority which Frick, as vice president of this bank, actually had to do this business: The law providing for the creation of national banks does not provide for any such officer, by name, as the general manager. It does provide for a president and vice president. The duties and powers of the president and vice president are not defined in the law. In general the vice president acts in the place of the president,—has the power and authority which belongs to the president,—in the absence of the president, but the law has not defined the powers of either president or vice president. The powers of the corporation are vested in a board of trustees. They possess the power to do the business of the bank, but, in the transaction of ordinary business of the bank, the depositors and creditors, and all who deal with the bank, seldom deal directly with the board of trustees. But the business of a bank is continuous, and its doors must be open to transact business with the public during business hours, and the business transactions of a bank necessarily have to be performed by agents. Whoever acts for the bank as an agent, with the knowledge and consent of the board of trustees, is to be deemed authorized by the board of trustees to perform the powers which the law vests in the board of trustees. The power of an officer may be limited, or it may be extended. He may have general powers. General powers may be conferred upon him by the by-laws, by resolution of the board of directors, or by the assumption of those powers with the knowledge and acquiescence of the board of trustees. Now, an officer of the bank, acting for it,—transacting its business, —is presumed in the law to have the powers which he assumes publicly with the knowledge and acquiescence of the board of trustees, whether evidence of his powers is contained in the records of the corporation, or in a written instrument or resolutions, or whether it simply rests in the fact that the powers are continuously and publicly exercised, and not disaffirmed by the action of the board of trustees. The board of trustees are presumed by

the law to see what is made apparent before the eyes of the public in the actions of their agents or officers. They are presumed to see what the public see in the actions of an agent or an official.

Now, you have heard the evidence in this case, and it is not pretended that there was a resolution or written authority giving to Frick whatever powers he had of a general or special character. They are to be determined by the manner in which the business of the bank was done. Such powers as he continually, during the existence of the bank, exercised publicly, must be presumed to have been exercised with the knowledge of the board of trustees; and unless they have disaffirmed or denied, by some public declaration, his right to exercise those powers, they are deemed to have acquiesced, and assented that he might continue to exercise those powers, and they are bound by his acts in behalf of the bank.

This, being a civil action, is one in which the rules of evidence require the jury to decide according to the fair preponderance of the evidence. You should endeavor to harmonize the testimony of the different witnesses as far as it can be. Where there is a conflict in the testimony that is irreconcilable, you must weigh the evidence on one side against that opposed, and decide according to a fair preponderance of the evidence. The defendant comes here asserting the validity of this transfer of the judgment. He has the affirmative, and the burden of proof is upon him to establish that there was a valid transfer of the judgment to him, and he must make it out by at least a fair preponderance of the evidence. If the evidence preponderates against him, or is balanced evenly, so you cannot determine on which side there is a fair preponderance of the evidence, you must decide against the defendant, and in that case the plaintiff would be entitled to a verdict for the amount sued for. If you do find, however, by a fair preponderance of the evidence, facts which, when applied to the case under the rules I have given you, determine that Frick was authorized by the board of trustees to act in a matter of this kind, to transfer a judgment in behalf of the bank, and that he did make the transfer,—I say, if those facts are established by a fair preponderance of the evidence, —then your verdict must be for the defendant. An officer of a national bank, either vice president or other officer, or person who is acting as general manager therefor, has no authority to assign or transfer any claims for money due in any event, unless expressly authorized to do so, except upon payment of the amount due on such claim.

I have been requested to give you an instruction, and I give it as a part of the law of the case, that the presumption is that, where a judgment is disposed of without collecting the amount of it in cash, it was unauthorized. It must appear, therefore, as I have already said, by evidence produced on the part of defendant, that this transfer was authorized.